**CALDARELLI  HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
Ben West (SBN #251018)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Tel: (858) 720-8080
Fax: (858) 720-6680
wjc@chplawfirm.com
dbw@chplawfirm.com

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:  (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne (*Pro Hac Vice* App. Pending)
33 Habitat Lane
Cortlandt Manor, NY  10567
Telephone:  (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA  92130
Telephone:  (858) 509-0808
Facsimile:  (619) 878-5784
emw@ewattslaw.com

Attorneys for Plaintiff Ameranth, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.<br><br>                    Plaintiff,<br><br>      v.<br><br>STARBUCKS CORPORATION,<br><br>                 Defendant. | Case No. **'13CV1072 MMA BGS**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ameranth, Inc. ("Ameranth"), for its Complaint against defendant Starbucks Corporation (herein "Starbucks" or "Defendant"), avers as follows:

## PARTIES

1.    Ameranth is a Delaware corporation having a principal place of business at 5820 Oberlin Drive, Suite 202, San Diego, California 92121. Ameranth develops, manufactures and sells, *inter alia*, hospitality industry, entertainment, restaurant and food service information technology solutions under the trademarks 21st Century Communications™, and 21st Century Restaurant™, among others, comprising the synchronization and integration of hospitality information and hospitality software applications between fixed, wireless and/or internet applications, including but not limited to computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

2.    Defendant Starbucks is, on information and belief, a Washington corporation having a principal place of business and headquarters at 2401 Utah Avenue South, Seattle, Washington 98134.  On information and belief, Starbucks makes, uses, sells and/or offers for sale, restaurant, foodservice, point-of-sale and other hospitality information technology products, software, components and/or systems within this Judicial District, including the Starbucks Mobile and Online Ordering, Starbucks gift cards, My Starbucks Rewards Loyalty Program and/or Payment Processing Software, Product, Service and/or System as identified, as further described and defined herein.

## JURISDICTION AND VENUE

3.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

**COMPLAINT FOR PATENT INFRINGEMENT**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      On information and belief, Defendant engages in (a) the offer for sale or license and sale or license of hospitality, restaurant, food service, ordering, products and/or components in the United States, including this Judicial District, including services, products, software, and  components, comprising wireless and internet POS and/or hospitality aspects; (b) the installation and maintenance of said services, products, software, components and/or systems in hospitality industry, restaurant, food service, catering and/or entertainment information technology systems in the United States, including this Judicial District; and/or (c) the use of hospitality industry, restaurant, food service and/or entertainment information technology systems comprising said services, products, software, components and/or systems in the United States, including this Judicial District.

6.      This Court has personal jurisdiction over Defendant because Defendant commits acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale or license, and/or selling or licensing infringing services, products, software, components and/or systems in this Judicial District.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

8.      Ameranth was established in 1996 to develop and provide its 21st Century Communications™ innovative information technology solutions for the hospitality industry (inclusive of, *e.g.,* restaurants, hotels, casinos, nightclubs, cruise ships and other entertainment and sports venues).  Ameranth has been widely recognized as a technology leader in the provision of wireless and

**COMPLAINT FOR PATENT INFRINGEMENT**

internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and entertainment and sports venues. Ameranth's award winning inventions enable, in relevant part, generation and synchronization of menus, including but not limited to restaurant menus, event tickets, and other products across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms, including but not limited to, computer servers, web servers, databases, affinity/social networking systems, desktop computers, laptops, "smart" phones and other wireless handheld computing devices.

9.     Ameranth began development of the inventions leading to the patent-in-suit and the other patents in this patent family in the late Summer of 1998, at a time when the then-available wireless and internet hospitality offerings were extremely limited in functionality, were not synchronized and did not provide an integrated system-wide solution to the pervasive ordering, reservations, affinity program and information management needs of the hospitality industry. Ameranth uniquely recognized the actual problems that needed to be resolved in order to meet those needs, and thereafter conceived and developed its breakthrough inventions and products to provide systemic and comprehensive solutions directed to optimally meeting these industry needs. Ameranth has expended considerable effort and resources in inventing, developing and marketing its inventions and protecting its rights therein.

10.     Ameranth's pioneering inventions have been widely adopted and are thus now essential to the modern wireless hospitality enterprise of the 21st Century. Ameranth's solutions have been adopted, licensed and/or deployed by numerous entities across the hospitality industry and are well-known therein.

11.     The adoption of Ameranth's technology by industry leaders and the wide acclaim received by Ameranth for its technological innovations are just

**COMPLAINT FOR PATENT INFRINGEMENT**

some of the many confirmations of the breakthrough aspects of Ameranth's inventions. Ameranth has received twelve different technology awards (three with "end customer" partners) and has been widely recognized as a hospitality wireless/internet technology leader by almost all major national and hospitality print publications, *e.g.*, The Wall Street Journal, New York Times, USA Today and many others. Ameranth was personally nominated by Bill Gates, the Founder of Microsoft, for the prestigious Computerworld Honors Award that Ameranth received in 2001 for its breakthrough synchronized reservations/ticketing system with the Improv Comedy Theatres. In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of information technology for the betterment of mankind." This prestigious award was based on Ameranth's innovative synchronization of wireless/web/fixed hospitality software technology. Subsequently, the United States Patent and Trademark Office granted Ameranth a number of currently-issued patents, two of which are the basis for this lawsuit. Ameranth has issued press releases announcing these patent grants on business wires, on its web sites and at numerous trade shows since the first of the two presently-asserted patents issued in 2002. A number of companies have licensed patents and technology from Ameranth, recognizing and confirming the value of Ameranth's innovations. Currently, seventeen companies have licensed patents in the Ameranth patent family which includes the patents asserted herein.

12.     Starbucks is well aware of this Ameranth patent family and has duplicated and widely deployed Ameranth's technology covered by these patents. Ameranth provided its technology vision for Starbucks to a Starbucks Information Technology Senior IT Executive in December 2006, detailing Ameranth's vision of wireless/mobile orders, wireless payments and a Starbucks' customer frequency program, based on Ameranth's proprietary technology

including the technology encompassed by the claims of the presently asserted patents. Ameranth specifically identified U.S. Patent Nos. 6,384,850; 6,871,325 and 7,892,733 to Starbucks in the December 2006 technology vision presentation. However, due to management turmoil occurring within Starbucks in 2007, such projects were delayed and would not be pursued until the later return of Howard Schultz, Starbucks' founder, as CEO. Schultz reassumed the CEO position in or around January of 2008, after an eight year hiatus, and on March 19, 2008, at the Starbucks annual shareholder meeting, Schultz announced the "My Starbucks Ideas" program, under which persons and entities could submit idea proposal to Starbucks for consideration by the company. Integral to this program was Starbucks' commitment to respect the patented technology of those submitting their ideas, as long as Starbucks was advised of the existence of any patents related to the submitted ideas. Starbucks was, on information and belief, seeking the vision and assistance of outside innovators to restore its momentum and improve its financial performance.

13.     Ameranth submitted its Starbucks Technology Vision to Starbucks through the "My Starbucks Ideas" program on March 24, 2008, titled "Eliminating Lines-Greatly Reducing Waits," and explicitly advised Starbucks that the technology was patented by Ameranth. Despite representing (via the My Starbucks Ideas, term and conditions) to Ameranth that Starbucks would respect Ameranth's patent rights in the information communicated by Ameranth, Starbucks proceeded to duplicate Ameranth's technology and is now infringing the patents in disregard of Ameranth's intellectual property rights. Starbucks' infringement based on its unlicensed use and duplication of information and ideas conceived by and provided to it by Ameranth, through the "My Starbucks Ideas" program, began, on information and belief, as early as late 2009. Ameranth believes that Starbucks' unlicensed use of Ameranth's patented technology has

**COMPLAINT FOR PATENT INFRINGEMENT**

contributed substantially to Starbucks' financial performance since 2009.  Just recently (in an April 24, 2013 interview with USA Today), Howard Schultz stated: "The bulk of Starbucks Innovation over the next several years will be technology-focused.  Already, Starbucks is producing more than three million mobile payments per week."  "That," says Schultz, "exceeds the combined mobile payments of the next ten companies closest to Starbucks."  Such wireless payment transactions infringe on Ameranth's patents and reflect the novel ideas originally submitted to Starbucks, by Ameranth, via the My Starbucks Ideas program.

14.    The three patents which are asserted in this lawsuit against Starbucks have been previously asserted in several patent enforcement actions against business partners of Starbucks, as noted below, including, *inter alia*, Micros, Apple and OLO Online Ordering.  Despite longstanding knowledge that its activities infringe Ameranth's valid and enforceable patents, Starbucks has nonetheless continued its infringing activities for at least 3 years, since as early as late 2009.

**RELATED CASES PREVIOUSLY FILED**

15.    The Ameranth patents asserted herein, U.S. Patent No. 6,384,850 (the "'850 patent"), U.S. Patent No. 6,871,325 (the "'325 patent"), and U.S. Patent No. 8,146,077 (the "'077 patent"), are all patents in Ameranth's "Information Management and Synchronous Communications" patent family.

16.    Ameranth is also currently asserting claims of these same patents in separate lawsuits, against other defendants, that are already pending in this Court. The first-filed lawsuit asserts claims of the '850 and '325 patents and is entitled *Ameranth v. Pizza Hut, Inc. et al.*, Case No. 3:11-cv-01810-JLS-NLS.  Lawsuits subsequently filed by Ameranth in this Court, asserting claims of the '077 patent, include Case Nos. 3:12-cv-00729-JLS-NLS; 3:12-cv-00731-JLS-NLS; 3:12-cv-

**COMPLAINT FOR PATENT INFRINGEMENT**

00732-JLS-NLS; 3:12-cv-00733-JLS-NLS; 3:12-cv-00737-JLS-NLS; 3:12-cv-00738-JLS-NLS (settled); 3:12-cv-00739-JLS-NLS and 3:12-cv-00742-JLS-NLS.  Other lawsuits filed by Ameranth in this Court asserting claims of the '850, '325, and '077 patents are Case No. 3:12-cv-00858-JLS-NLS; 3:12-cv-1201-JLS-NLS (settled): 3:12-cv-01627-JLS-NLS; 3:12-cv-01629-JLS-NLS; 3:12-cv-01630-JLS-NLS; 3:12-cv-01631-JLS-NLS; 3:12-cv-01633-JLS-NLS; 3:12-cv-01634-JLS-NLS; 3:12-cv-01636-JLS-NLS; 3:12-cv-01640-JLS-NLS; 3:12-cv-01642-JLS-NLS; 3:12-cv-01643-JLS-NLS; 3:12-cv-01644-JLS-NLS; 3:12-cv-01646-JLS-NLS 3:12-cv-01647-JLS-NLS (settled); 3:12-cv-01648-JLS-NLS; 3:12-cv-01649-JLS-NLS; 3:12-cv-01650-JLS-NLS; 3:12-cv-01651-JLS-NLS; 3:12-cv-01652-JLS-NLS; 3:12-cv-01653-JLS-NLS; 3:12-cv-01654-JLS-NLS; 3:12-cv-01655-JLS-NLS; 3:12-cv-01656-JLS-NLS; 3:12-cv-01659-JLS-NLS; 3:12-cv-2350-IEG–BGS; 3:13-cv-00350-JLS-NLS; 3:13-cv-00352-JLS-NLS; 3:13-cv-00353-JLS-NLS and 3:13-cv-0836-JLS-NLS.  All of the above still-pending cases have been consolidated for pre-trial through claim construction except for 3:12-cv-2350-IEG–BGS; 3:13-cv-00350-JLS-NLS; 3:13-cv-00352-JLS-NLS; 3:13-cv-00353-JLS-NLS and 3:13-cv-0836-JLS-NLS.

## COUNT I

### Patent Infringement (U.S. Pat. No. 6,384,850)

### (35 U.S.C. § 271)

17.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

18.     On May 7, 2002, United States Patent No. 6,384,850 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '850 patent") (a true and copy of which is attached hereto as **Exhibit A**) was duly and legally issued by the United States Patent & Trademark Office.

7

**COMPLAINT FOR PATENT INFRINGEMENT**

19.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '850 patent.

20.     On information and belief, Starbuck's directly infringes and continues to directly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing software, systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the Starbucks software and/or system/product/service, which includes, *inter alia*, wireless and internet point-of-sale ("POS") integration (via, *inter alia*, Starbucks' own software as well as software/products/systems/services of third party providers such as Micros Simphony), online and mobile ordering (via, *inter alia*, Starbucks' own software as well as software/products/systems/services of third party providers such as OLO Online Ordering), integration with mobile pass providers/applications (including, *inter alia*, ticketing, coupons, loyalty and payment via, for example, Apple Passbook), integration with payment processors to provide mobile payment processing (via, *inter alia*, Starbucks' own software (for, *e.g.*, Starbucks Card and Starbucks Reward programs) as well as software/products/systems/services of third party providers such as Square Wallet and Apple Passbook), integration with third party gift/loyalty programs/providers, integration with e-mail and affinity program and social media applications such as Yelp, Facebook, Twitter, Instagram, Groupon, and/or YouTube, and/or other third-party web-based applications, and other hospitality aspects (all of which are referred to individually and collectively herein as "Starbucks Software/System/Product/Service" and include, *inter alia*, Starbucks' software products, system and/or services and all software modules, products or services integrated therewith or  available for integration therewith).  Starbucks

**COMPLAINT FOR PATENT INFRINGEMENT**

1  publicizes its infringing activities as an important aspect of its business.  For

2  example, Starbucks recently publicized the success of its mobile applications,

3  including mobile customer loyalty program and payment processing applications:

4  "Every week, Starbucks is seeing close to four million mobile payment

5  transactions, up from two million near the end of last year and three million a

6  month ago.  Additionally, mobile now accounts for approximately 10 percent of

7  Starbuck's total U.S. tender. . . . Starbucks also reported that its mobile apps now

8  have than ten million active customers and that it is adding approximately 80,000

9  new My Starbucks Rewards customers each week. . . . Starbucks card tender now

10 exceeds $3 billion annually."  "Starbucks Generates 10% of US Revenue from

11 Mobile," http://www.mobilecommercedaily.com/starbucks-generates-10pc-of-u-

12 s-revenue-from-mobile, April 29, 2013.

13      21.      On information and belief, the Starbucks

14 Software/System/Product/Service, as deployed and/or used at or from one or

15 more locations by Starbucks, its agents, distributors, partners, affiliates, licensees,

16 franchisees and/or their customers, including within this Judicial District, infringes

17 one or more valid and enforceable claims of the '850 patent, by, *inter alia*, doing,

18 or providing the capability for doing, at least one of the following: (a) Generating

19 and transmitting menus in a system including a central processing unit, a data

20 storage device, a computer operating system containing a graphical user

21 interface, one or more displayable main menus, modifier menus, and sub-

22 modifier menus, and application software for generating a second menu and

23 transmitting it to a wireless handheld computing device or a Web page; and/or (b)

24 Enabling ordering and other hospitality functions via iPhone, iPod, Android and

25 other internet-enabled wireless handheld computing devices as well as via Web

26 pages, storing hospitality information and data on at least one central database, on

27 at least one wireless handheld computing device, and on at least one Web server

28

9

**COMPLAINT FOR PATENT INFRINGEMENT**

and Web page, and synchronizing applications and data, including but not limited to applications and data relating to ordering, between at least one central database, wireless handheld computing devices, and at least one Web server and Web page; utilizing an interface that provides a single point of entry that allows the synchronization of at least one wireless handheld computing device and at least one Web page with at least one central database; allowing information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one central database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one central database and to Web pages.

22.     On information and belief, Starbucks has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

23.     On information and belief, customers of Starbucks (including consumers), store or restaurant operators, franchisees and other users, use the Starbucks Software/System/Product/Service for, *inter alia*, POS integration, online and mobile ordering, payment processing, frequency, loyalty, gift programs/cards, payment cards, ticketing, coupons  and integration with email, affinity and social media programs/applications as detailed above in a manner that infringes upon one or more valid and enforceable claims of the '850 patent. Starbucks provides instruction and direction regarding the use of the Starbucks Software/System/Product/Service, and advertises, promotes, and encourages the use of the Starbucks Software/System/Product/Service in a manner that infringes the '850 patent.

**COMPLAINT FOR PATENT INFRINGEMENT**

24.     On information and belief, the Starbucks Software/System/Product/Service infringes one or more valid and enforceable claims of the '850 patent for the reasons set forth hereinabove.

25.     Starbucks has long had knowledge of the '850 patent, including through presentation of information from Ameranth to Starbucks as early as 2007, and knew or should have known that its continued offering and deployment of the Starbucks Software/System/Product/Service, and its continued support of consumers, franchisees, store or restaurant operators, and other users of this software/system/product/service, would induce direct infringement by those users.  Additionally, on information and belief, Starbucks intended that its actions would induce direct infringement by those users.

26.     On information and belief, Defendant has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '850 patent, in violation of 35 U.S.C. § 271(c).

27.     By making, using, distributing, selling, offering, offering to sell or license and/or selling or licensing the Starbucks Software/System/Product/Service, Starbucks provides non-staple articles of commerce to others for use in infringing systems, products, and/or services for, *inter alia*, POS integration, online and mobile ordering, payment processing, frequency, loyalty, gift programs/cards, payment cards, ticketing, coupons and integration with email, affinity and social media programs/applications as detailed above.  Additionally, Starbucks provides instruction and direction regarding the use of the Starbucks Software/System/Product/Service, and advertises, promotes, and encourages the use of the Starbucks Software/System/Product/Service.  Users of one or more of the Starbucks Software/System/Product/Service, including, *e.g.*, customers, store operators

**COMPLAINT FOR PATENT INFRINGEMENT**

and/or franchisees, directly infringe one or more valid and enforceable claims of the '850 patent for the reasons set forth hereinabove.

28.     On information and belief, the Starbucks Software/System/Product/Service infringes one or more valid and enforceable claims of the '850 patent, for the reasons set forth hereinabove.

29.     On information and belief, Starbucks has had knowledge of the '850 patent since as early as 2007, including knowledge that the Starbucks Software/System/Product/Service, which is a non-staple article of commerce, has been used as a material part of the claimed invention of the '850 patent, and that there are no substantial non-infringing uses for the Starbucks Software/System/Product/Service.

30.     On information and belief, the aforesaid infringing activities of Starbucks have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.  On information and belief, Starbucks duplicated the novel aspects of Ameranth's patent claims to create its infringing Software/System/Product/Service based on presentations provided to Starbucks by Ameranth as early as 2007.  Ameranth specifically identified the '850 Patent to Starbucks in March 2008 in a Proposal/Vision for Starbucks (through the "My Starbucks' Ideas" program).  On information and belief, Starbucks' infringement of Ameranth's patent rights began as early as late 2009.

31.     The aforesaid infringing activity of Starbucks has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing revenues it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

**COMPLAINT FOR PATENT INFRINGEMENT**

# COUNT II

## Patent Infringement (U.S. Pat. No. 6,871,325)

## (35 U.S.C. § 271)

32.     Plaintiff reiterates and reincorporates the allegations set forth in paragraphs 1-31 above as if fully set forth herein.

33.     On March 22, 2005, United States Patent No. 6,871,325 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '325 patent") (a true and correct copy of which is attached hereto as **Exhibit B**) was duly and legally issued by the United States Patent & Trademark Office.

34.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '325 patent.

35.     On information and belief, Starbucks directly infringes and continues to directly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing software, systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the Starbucks Software/System/Product/Service, which includes, *inter alia*, wireless and internet point-of-sale ("POS") integration (via, *inter alia*, Starbucks' own software as well as software/products/systems/services of third party providers such as Micros Simphony), online and mobile ordering (via, *inter alia*, Starbucks' own software as well as software/products/systems/services of third party providers such as OLO Online Ordering), integration with mobile pass providers/applications (including, *inter alia*, ticketing, coupons, loyalty and payment via, for example, Apple Passbook), integration with payment processors to provide mobile payment processing (via, *inter alia*, Starbucks' own software (for, *e.g.*, Starbucks

13

**COMPLAINT FOR PATENT INFRINGEMENT**

Card and Starbucks Reward programs) as well as software/products/systems/services of third party providers such as Square Wallet and Apple Passbook), integration with third party gift/loyalty programs/providers, integration with e-mail and affinity program and social media applications such as Yelp, Facebook, Twitter, Instagram, Groupon, and/or YouTube, and/or other third-party web-based applications, and other hospitality aspects.  Starbucks publicizes its infringing activities as key to its business, for example, Starbucks recently publicized the success of its mobile applications, including mobile customer loyalty program and payment processing applications: "Every week, Starbucks is seeing close to four million mobile payment transactions, up from two million near the end of last year and three million a month ago.  Additionally, mobile now accounts for approximately 10 percent of Starbuck's total U.S. tender. . . . Starbucks also reported that its mobile apps now have than ten million active customers and that it is adding approximately 80,000 new My Starbucks Rewards customers each week. . . . Starbucks card tender now exceeds $3 billion annually."  "Starbucks Generates 10% of US Revenue from Mobile," http://www.mobilecommercedaily.com/starbucks-generates-10pc-of-u-s-revenue-from-mobile, April 29, 2013.

   36.      On information and belief, the Starbucks Software/System/Product/Service, as deployed and/or used at or from one or more locations by Starbucks, its agents, distributors, partners, affiliates, licensees, franchisees and/or their customers, including within this Judicial District, infringes one or more valid and enforceable claims of the '325 patent, by, *inter alia*, doing, or providing the capability for doing, at least one of the following: (a) Generating and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more displayable main menus, modifier menus, and sub-

**COMPLAINT FOR PATENT INFRINGEMENT**

modifier menus, and application software for generating a second menu and transmitting it to a wireless handheld computing device or a Web page; and/or (b) Enabling ordering and other hospitality functions via iPhone, iPod Android and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one central database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to orders, between at least one central database, wireless handheld computing devices, and at least one Web server and Web page; and sending alerts, confirmations, and other information regarding orders to various wireless mobile devices.

37.     On information and belief, Starbucks has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

38.     On information and belief, customers of Starbucks (including consumers), store or restaurant operators, franchisees and other users, use the Starbucks Software/System/Product/Service for, *inter alia*, POS integration, online and mobile ordering, payment processing, frequency, loyalty, gift programs/cards, payment cards, ticketing, coupons and integration with email, affinity and social media programs/applications as detailed above in a manner that infringes upon one or more valid and enforceable claims of the '325 patent. Starbucks provides instruction and direction regarding the use of the Starbucks Software/System/Product/Service and advertises, promotes, and encourages the use of the Starbucks Software/System/Product/Service.

**COMPLAINT FOR PATENT INFRINGEMENT**

39.     On information and belief, the Starbucks Software/System/Product/Service infringes one or more valid and enforceable claims of the '325 patent for the reasons set forth hereinabove.

40.     On information and belief, Defendant has actively induced others to infringe the '325 patent, and continues to do so, in violation of 35 U.S.C. §271(b), by knowingly encouraging, aiding and abetting customers of Starbucks, including consumers, store and restaurant operators and franchisees to use the infringing Starbucks Software/System/Product/Service in the United States without authority or license from Ameranth.

41.     Starbucks has long had knowledge of the '325 patent, including through presentation of information from Ameranth to Starbucks as early as 2007, and knew or should have known that its continued offering and deployment of the Starbucks Software/System/Product/Service, and its continued support of consumers, franchisees, store or restaurant operators, and other users of this software/system/product/service, would induce direct infringement by those users.  Additionally, on information and belief, Starbucks intended that its actions would induce direct infringement by those users.

42.     On information and belief, Defendant has contributorily infringed and continues to contributorily infringe one or more valid and enforceable claims of the '325 patent, in violation of 35 U.S.C. § 271(c), by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent.

43.     By making, using, distributing, selling, offering, offering to sell or license and/or selling or licensing the Starbucks Software/System/Product/Service, Defendant provides non-staple articles of commerce to others for use in infringing systems, products, and/or services for,

**COMPLAINT FOR PATENT INFRINGEMENT**

*inter alia*, POS integration, online and mobile ordering, payment processing, frequency, loyalty, gift programs/cards, payment cards, ticketing, coupons and integration with email, affinity and social media programs/applications as detailed above.  Additionally, Starbucks provides instruction and direction regarding the use of the Starbucks Software/System/Product/Service and advertises, promotes, and encourages the use of the Starbucks Software/System/Product/Service.  Users of the Starbucks Software/System/Product/Service directly infringe one or more valid and enforceable claims of the '325 patent, for the reasons set forth hereinabove.

44.      On information and belief, the Starbucks Software/System/Product/Service infringes one or more valid and enforceable claims of the '325 patent, for the reasons set forth hereinabove.

45.      Starbucks has had knowledge of the '325 patent, including knowledge that the Starbucks Software/System/Product/Service, which is a non-staple articles of commerce, has been used as a material part of the claimed invention of the '325 patent, and that there are no substantial non-infringing uses for the Starbucks Software/System/Product/Service.

46.      On information and belief, the aforesaid infringing activities of Defendant Starbucks have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.  On information and belief, Starbucks duplicated the novel aspects of Ameranth's patent claims to create its infringing Software/System/Product/Service based on presentations provided to Starbucks by Ameranth as early as 2007.  Ameranth specifically identified the '325 Patent to Starbucks in March 2008 in a Proposal/Vision for Starbucks (through the "My Starbucks Ideas" program).  On information and belief, Starbucks' infringement based on information provided to it by Ameranth began as early as late 2009.

**COMPLAINT FOR PATENT INFRINGEMENT**

47.　　　The aforesaid infringing activity of Starbucks has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing revenues it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

## COUNT III

### Patent Infringement (U.S. Pat. No. 8,146,077)

### (35 U.S.C. § 271)

48.　　　Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-47 above as if fully set forth herein.

49.　　　On March 27, 2012, United States Patent No. 8,146,077 entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders" (a true copy of which is attached hereto as **Exhibit C** and incorporated herein by reference) was duly and legally issued by the United States Patent & Trademark Office.

50.　　　Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '077 patent.

51.　　　On information and belief, Starbucks directly infringes and continues to directly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(a) by making, using, offering for sale or license and/or selling or licensing infringing software, systems, products, and/or services in the United States without authority or license from Ameranth, including but not limited to the Starbucks Software/System/Product/Service which includes, *inter alia*, wireless and internet point-of-sale ("POS") integration (via, *inter alia*, Starbucks' own software as well as software/products/systems/services of third party providers such as Micros Simphony), online and mobile ordering (via, *inter alia*, Starbucks' own software

**COMPLAINT FOR PATENT INFRINGEMENT**

as well as software/products/systems/services of third party providers such as OLO Online Ordering), integration with mobile pass providers/applications (including, *inter alia*, ticketing, coupons, loyalty and payment via, for example, Apple Passbook), integration with payment processors to provide mobile payment processing (via, *inter alia*, Starbucks' own software (for, *e.g.*, Starbucks Card and Starbucks Reward programs) as well as software/products/systems/services of third party providers such as Square Wallet and Apple Passbook), integration with third party gift/loyalty programs/providers, integration with e-mail and affinity program and social media applications such as Yelp, Facebook, Twitter, Instagram, Groupon, and/or YouTube, and/or other third-party web-based applications, and other hospitality aspects.  Starbucks publicizes its infringing activities as key to its business, for example, Starbucks recently publicized the success of its mobile applications, including mobile customer loyalty program and payment processing applications: "Every week, Starbucks is seeing close to four million mobile payment transactions, up from two million near the end of last year and three million a month ago.  Additionally, mobile now accounts for approximately 10 percent of Starbuck's total U.S. tender. . . . Starbucks also reported that its mobile apps now have than ten million active customers and that it is adding approximately 80,000 new My Starbucks Rewards customers each week. . . . Starbucks card tender now exceeds $3 billion annually."  "Starbucks Generates 10% of US Revenue from Mobile," http://www.mobilecommercedaily.com/starbucks-generates-10pc-of-u-s-revenue-from-mobile, April 29, 2013.

52.     On information and belief, the Starbucks Software/System/Product/Service, as deployed and/or used at or from one or more locations by Starbucks, its agents, distributors, partners, affiliates, licensees, franchisees and/or their customers, including within this Judicial District,

**COMPLAINT FOR PATENT INFRINGEMENT**

infringes one or more valid and enforceable claims of the '077 patent, by, *inter alia*, doing, or providing the capability for doing, at least one of the following: (a) Configuring and transmitting menus in a system including a central processing unit, a data storage device, a computer operating system containing a graphical user interface, one or more displayable master menus, menu configuration software enabled to generate a menu configuration for a wireless handheld computing device in conformity with a customized display layout, and enabled for synchronous communications and to format the menu configuration for a customized display layout of at least two different wireless handheld computing device display sizes, and/or (b) Enabling ordering and other hospitality functions via iPhone, iPod, Android and other internet-enabled wireless handheld computing devices as well as via Web pages, storing hospitality information and data on at least one database, on at least one wireless handheld computing device, and on at least one Web server and Web page, and synchronizing applications and data, including but not limited to applications and data relating to orders, between at least one database, wireless handheld computing devices, and at least one Web server and Web page; utilizing communications control software enabled to link and synchronize hospitality information between at least one database, wireless handheld computing device, and web page, to display information on web pages and on different wireless handheld computing device display sizes, and to allow information to be entered via Web pages, transmitted over the internet, and automatically communicated to at least one database and to wireless handheld computing devices; allowing information to be entered via wireless handheld computing devices, transmitted over the internet, and automatically communicated to at least one database and to Web pages.

53.     On information and belief, Starbucks has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the

**COMPLAINT FOR PATENT INFRINGEMENT**

'077 patent, in violation of 35 U.S.C. § 271(b), by actively, knowingly, and intentionally inducing direct infringement by other persons.

54.      On information and belief, customers of Starbucks (including consumers), store or restaurant operators, franchisees and other users, use the Starbucks Software/System/Product/Service for, *inter alia*, POS integration, online and mobile ordering, payment processing, frequency, loyalty, gift programs/cards, payment cards, ticketing, coupons and integration with email, affinity and social media programs/applications, as detailed above, in a manner that infringes upon one or more valid and enforceable claims of the '077 patent. Starbucks provides instruction and direction regarding the use of the Starbucks Software/System/Product/Service and advertises, promotes, and encourages the use of the Starbucks Software/System/Product/Service.

55.      Starbucks has long had knowledge of the Ameranth patent family which includes the '077 patent and from which the '077 patent claims priority. As described above, Ameranth presented information to Starbucks as early as 2007 about Ameranth's patented technology, and has specifically identified to Starbucks three Ameranth patents in the same patent family as the '077 patent. Consequently, Starbucks knew or should have known that its continued offering and deployment of the Starbucks Software/System/Product/Service, and its continued support of consumers, franchisees, store or restaurant operators, and other users of this software/system/product/service, would induce direct infringement by those users.  Additionally, on information and belief, Starbucks intended that its actions would induce direct infringement by those users. Additionally, on information and belief, Starbucks also had knowledge of the '077 patent prior to the filing date of this complaint based on, *inter alia*, wide public dissemination of information concerning litigation involving this patent against many of Starbucks' business partners industry participants.

**COMPLAINT FOR PATENT INFRINGEMENT**

56.     On information and belief, Starbucks actively induces others to infringe the '077 patent, in violation of 35 U.S.C. §271(b), by knowingly encouraging, aiding and abetting customers of Starbucks, including consumers, store or restaurant operators and franchisees to use the infringing Starbucks Software/System/Product/Service in the United States, and within this Judicial District, without authority or license from Ameranth.

57.     On information and belief, Starbucks has indirectly infringed and continues to indirectly infringe one or more valid and enforceable claims of the '077 patent, in violation of 35 U.S.C. § 271(c), by offering to sell and/or selling components of systems on which claims of the '077 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '077 patent.

58.     By making, using, distributing, selling, offering, offering to sell or license and/or selling or licensing the Starbucks Software/System/Product/Service, Starbucks provides non-staple articles of commerce to others for use in infringing systems, products, and/or services for, *inter alia*, POS integration, online and mobile ordering, payment processing, frequency, loyalty, gift programs/cards, payment cards, ticketing, coupons and integration with email, affinity and social media programs/applications as detailed above.  Additionally, Starbucks provides instruction and direction regarding the use of the Starbucks Software/System/Product/Service and advertises, promotes, and encourages the use of the Starbucks Software/System/Product/Service.  Users of the Starbucks Software/System/Product/Service, *e.g.*, customers, store operators and/or franchisees, directly infringe one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

**COMPLAINT FOR PATENT INFRINGEMENT**

59.     On information and belief, the Starbucks Software/System/Product/Service infringes one or more valid and enforceable claims of the '077 patent, for the reasons set forth hereinabove.

60.     On information and belief, Starbucks has had knowledge of the '077 patent prior to the issue date of the patent as discussed hereinabove, including knowledge that the Starbucks Software/System/Product/Service, which is a non-staple article of commerce, has been used as a material part of the claimed invention of the '077 patent, and that there are no substantial non-infringing uses for the Starbucks Software/System/Product/Service.

61.     On information and belief, the aforesaid infringing activities of Defendant Starbucks have been done with knowledge and willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.  As discussed above, on information and belief, Starbucks duplicated the novel aspects of Ameranth's patent claims in other patents in the same patent family as the '077 patent as early as 2009, based on information provided to Starbucks by Ameranth as early as 2007.  Further, on information and belief, Starbucks had knowledge of the '077 patent prior to the filing date of this complaint based on, *inter alia*, wide public dissemination of information concerning litigation involving this patent against many Starbucks' business partners and industry participants, and Starbucks' direct involvement and interactions with numerous other defendants who are infringing Ameranth's patents.

62.     The aforesaid infringing activity of Starbucks has directly and proximately caused damage to plaintiff Ameranth, including loss of profits from sales or licensing revenue it would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Ameranth for which there is no adequate remedy at law.

**COMPLAINT FOR PATENT INFRINGEMENT**

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Ameranth respectfully prays for judgment against defendant, Starbucks as follows:

1.      Adjudging that the manufacture, use, offer for sale or license and /or sale or license of the Starbucks Software/System/Product/Service infringes valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent, as set forth hereinabove;

2.      Adjudging that Defendant has infringed, actively induced others to infringe and/or contributorily infringed valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent, as set forth hereinabove;

3.      Adjudging that Defendant's infringement of the valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent, has been knowing and willful;

4.      Enjoining Defendant, and its officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with Defendant, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the valid and enforceable claims of the '850 patent, and the '325 patent, and the '077 patent;

5.      Awarding Ameranth the damages it has sustained by reason of Defendant's infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

6.      Awarding Ameranth increased damages of three times the amount of damages found or assessed against Defendant by reason of the knowing, willful and deliberate nature of Defendant's acts of infringement pursuant to 35 U.S.C. § 284;

**COMPLAINT FOR PATENT INFRINGEMENT**

7.     Adjudging this to be an exceptional case and awarding Ameranth its attorney's fees pursuant to 35 U.S.C. §285;

8.     Awarding to Ameranth its costs of suit, and interest as provided by law; and

9.     Awarding to Ameranth such other and further relief that this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Ameranth demands trial by jury of its claims set forth herein to the maximum extent permitted by law.

Respectfully submitted,

Dated: May 6, 2013          CALDARELLI HEJMANOWSKI & PAGE LLP

By:*/s/ William J. Caldarelli*
William J. Caldarelli

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

**Attorneys for Plaintiff AMERANTH, INC.**

COMPLAINT FOR PATENT INFRINGEMENT